# CIRCUIT COURT OF BALTIMORE CITY

Filed February 11, 1891.

MARY J. MANN
VS.
JOHN HOFFSASS.

*R. W. Applegarth* and *J. J. Alexander* for complainant.

*H. J. Broening* and *H. F. Halbach* for respondents.

DENNIS, J.—

This was a case for specific performance of a contract.

The bill alleges the contract and the ability of the complainant to convey an estate of inheritance in fee simple. The answer denies the ability of the complainant to convey said estate, and says that the complainant derives title under a deed executed in the year 1842; that at that time the grantor in said deed, one Stump, was seized in fee simple of this property; that in both the granting clause and the habendum, the word "heirs" is omitted, the limitation in each being to said Levering, his executors, administrators and assigns; that hence only a life estate passed to said Levering, the grantee, and that the complainant derives and claims title under this deed; that hence the estate in complainant was an estate per autre vie for and during the life of said Levering, who died in 1888; that hence the estate of the complainant is determined, the estate now being in the said Stump, the grantor mentioned in the deed of 1842. It was agreed between counsel that if the deed of 1842, with the limitation, viz: being to the grantee (Levering), his executors, administrators and assigns, conveyed an estate in fee simple to Levering, a decree for specific performance

should be entered; that, if on account of the absence of the word "heirs" only a life estate passed, the bill should be dismissed. The right of appeal is reserved in either case by either party.

Judge Dennis decided that under the decision in 48 Md., Merritt vs. Disney, the grantee, said Levering, took an estate in fee simple.